# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| THE ESTATE OF PETER GOUDREAU, Through Its Administrator, Jeffrey Goudreau, <br><br> *Plaintiff*, <br><br> v. <br><br> THE ESTATE OF LINDA FAYE GOUDREAU, Through Its Administrator, Claudia Holland, <br><br> *Defendant*. | § § § § § § § § § § § § § § § § Civil Action No. 4:20-cv-970 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant The Estate of Linda Faye Goudreau, Through Its Administrator, Claudia Holland's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #3). Having considered the Motion and the relevant pleadings, the Court finds the Motion should be granted.

## BACKGROUND

In 1981, Peter John Goudreau ("Peter") and Linda Faye Goudreau ("Linda") married in the state of Texas. During their marriage, Peter worked for Texas Instruments, Inc. ("TI"). As a TI employee, Peter participated in several benefits programs offered by his employer, including the 401(k) plan, the employee-savings plan, and the stock-option plan. After nearly four decades of marriage, Linda passed away on June 18, 2018. At the time of her death, Peter was alive and still worked for TI. Then on July 26, 2018, Peter passed away. At the time of his death, Peter was unmarried and remained employed by TI.

Both Peter and Linda died intestate. Separate heirship proceedings were opened in Collin County on August 14, 2018, and October 1, 2018, respectively. On September 28, 2018, the Collin County Probate Court ("the Probate Court") entered its Order Granting Independent Administration and Authorizing Letters of Independent Administration, naming Jeffrey Goudreau as the Independent Administrator of and sole heir to Peter's Estate. On December 12, 2018, the Probate Court entered its Order Declaring Heirship, naming Claudia Holland as the Independent Administrator of Linda's Estate.

In the course of Peter's estate administration, a dispute arose between Peter's Estate and Linda's Estate over the funds contained in the 401(k) plan, the employee-savings plan, and the stock-option plan in which Peter had participated while employed by TI.[1] On October 23, 2019, Linda's Estate filed a claim against Peter's Estate, maintaining that, despite predeceasing Peter, Linda had a community-property interest in several assets, including the proceeds from these three plans. Peter's Estate disputes this claim, arguing that ERISA governs these plans, which thereby preempts Linda's Estate's claim. When Peter's Estate did not accept the claim and thirty days passed from the claim's filing, the claim was rejected by operation of law (Dkt. #1 at p. 4). *See* TEX. ESTATES CODE ANN. § 355.002(b). On December 11, 2020, Linda's Estate filed a notice of hearing on its claim in the probate proceeding of Peter's Estate. The Probate Court set a hearing on the issue for December 29, 2020.

On December 21, 2020, Peter's Estate filed its Original Petition and Request for Declaratory Judgment (Dkt. #1), requesting the Court declare the claim of Linda's Estate to be

---

[1] Though the parties style their arguments through the lenses of Jeffrey and Claudia, these individuals are acting in their capacities as independent executors to Peter's and Linda's estates, respectively. *See In re Porretto*, 761 F. App'x 437, 441 (5th Cir. 2019); *Neukranz v. Conestoga Settlement Servs., LLC*, No. 3:19-CV-1681-L-BH, 2020 WL 5415526, at *7 (N.D. Tex. Jan. 22, 2020), *report and recommendation adopted as modified*, 2020 WL 2764204 (N.D. Tex. May 28, 2020).

2

preempted by ERISA law. As a result, at the December 29, 2020 hearing, the Probate Court required the proceeds from the plans to be preserved, and stayed any further action pending resolution of the proceedings currently before the Court. On January 12, 2021, Linda's Estate filed its Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #3), currently before the Court. On January 25, 2021, Peter's Estate filed its response (Dkt. #4). And on February 1, 2021, Linda's Estate filed its reply (Dkt. #5).

## LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 435 (5th Cir. 2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see* 13 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3522 (3d ed.) ("A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power."). Absent subject matter jurisdiction, federal courts are without authority to act. *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 927 (5th Cir. 2017). And while "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)), parties may challenge the constitutional or statutory subject matter jurisdiction of a federal court under Federal Rule of Civil Procedure 12(b)(1), *Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777 (E.D. Tex. 2020). *See* FED. R. CIV. P. 12(b)(1), (h)(3). If a 12(b)(1) analysis indicates that a court lacks subject matter jurisdiction, then the case must be dismissed without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

In considering a 12(b)(1) motion, courts may examine "any of the following: '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). Courts "accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff." *Earl v. Boeing Co.*, No. 4:19-CV-00507, 2020 WL 759385, at *2 (E.D. Tex. Feb. 14, 2020) (citing *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994)). Once a defendant moves for dismissal under 12(b)(1), "the party asserting jurisdiction" bears "[t]he burden of proving subject matter jurisdiction" "by a preponderance of the evidence." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020); *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017) ("The party asserting jurisdiction 'constantly bears the burden of proof that jurisdiction does in fact exist.'" (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))). "Yet that is no high bar: 'It is extremely difficult to dismiss a claim for lack of subject matter jurisdiction.'" *Outlaw Lab., LP v. Shenoor Enter., Inc.*, 371 F. Supp. 3d 355, 360 (N.D. Tex. 2019) (cleaned up) (quoting *Santerre v. Agip Petrol. Co.*, 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999)).

## ANALYSIS

In the Motion, Linda's Estate contends that the assets at issue "were either never subject to an ERISA plan or are no longer governed by ERISA since they were paid out 100% to Peter's Estate," and, as a result, the Court lacks subject matter jurisdiction over the dispute given the absence of a federal question (Dkt. #3 at p. 5). In response, Peter's Estate asserts that "because the issues in this case involve interpretation and application of federal ERISA laws," a federal question is implicated, and the Court has subject matter jurisdiction (Dkt. #4 at p. 1).

4

"Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction of suits involving federal questions." *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 695 (5th Cir. 2017) (footnote omitted).[2] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the . . . law of the United States by his declaration or bill.").

Here, Peter's Estate asserts that because the immediate controversy concerns federal law—ERISA—the Court has subject matter jurisdiction.[3] Assuming without deciding that this suit implicates ERISA, Peter's Estate's assertion is not enough to show that the Court possesses subject matter jurisdiction over the action. Before the Probate Court, the alignment of the parties is reversed—Linda's Estate is the plaintiff, and Peter's Estate is the defendant. Before this Court, Peter's Estate is the nominal plaintiff. But because state courts possess concurrent subject matter jurisdiction with federal courts on several issues directly implicating ERISA, *see, e.g.*, *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 545–46 (Tex. 1991), the Court understands Peter's Estate to argue that the instant issue is within the *exclusive* jurisdiction of the federal courts, *see Schuster v. Percheron Healthcare, Inc.*, No. 4:21-CV-00156-P, 2021 WL 1222149, at *2 (N.D. Tex. Apr.

---

[2] Neither side disputes the Court's subject matter jurisdiction under Article III. The Court therefore does not address the issue. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (explaining that "all cases in which a federal question is 'an ingredient' of the action" fall within the Constitution's bounds of subject matter jurisdiction (quoting *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 823 (1824))).

[3] Though Peter's Estate requests relief under the Declaratory Judgment Act, this assertion does not help at the jurisdictional stage because the statute is "insufficient to confer federal question jurisdiction under 28 U.S.C. § 1331." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

1, 2021) ("An exception to the well-pleaded complaint rule exists where there is complete preemption of the state claim by federal law.").

The Supreme Court has articulated that "[w]hen [a] federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). ERISA is one such statute. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009); *see, e.g.*, *Brackeen v. Haaland*, No. 18-11479, 2021 WL 1263721, at *116 (5th Cir. Apr. 6, 2021) (en banc). ERISA preemption comes in two forms: complete and conflict. *See Sanborn-Alder v. Cigna Grp. Ins.*, No. CV H-09-0806, 2010 WL 11586610, at *6 n.13 (S.D. Tex. Jan. 26, 2010). Under complete preemption, Section 502(a) of ERISA possesses "such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)); *see* 29 U.S.C. § 1132(a)(1)(B). In these instances, federal courts possess exclusive subject matter jurisdiction. *Yeckel v. The Carl B. & Florence E. King Found. Ret. Pension Plan & Welfare Benefit Program*, No. CIV.A.3:06CV0105-D, 2006 WL 2434313, at *4 (N.D. Tex. Aug. 21, 2006). Under conflict preemption, Section 514(a) of ERISA "pre-empts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'" *Rutledge v. Pharm. Care Mgmt. Ass'n*, 141 S. Ct. 474, 479 (2020) (quoting 29 U.S.C. § 1144(a)). Unlike with complete preemption, conflict preemption is "merely an affirmative defense and does not operate to confer subject matter jurisdiction." *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 950 n.3 (E.D. Tex. 2011) (citing *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 275 n.34 (5th Cir. 2004)). As such, for Peter's Estate to overcome the immediate

12(b)(1) challenge, it must demonstrate that ERISA completely preempts the claim of Linda's Estate currently before the Probate Court.

The Supreme Court has set out a two-prong test to determine whether a claim is completely preempted by ERISA. First, courts must inquire whether "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. Second, courts must determine that no other legal duty independent from ERISA is implicated by the defendant's actions. *Id.* ERISA completely preempts only those claims where both of these prongs can be answered affirmatively. *Kersh v. UnitedHealthcare Ins. Co.*, 946 F. Supp. 2d 621, 630 (W.D. Tex. 2013) (referring to the *Davila* prongs as "conjunctive"). Because the Court finds the second prong dispositive here, the Court does not consider the first *Davila* prong.

A legal duty is ERISA-dependent if it "derives entirely from the particular rights and obligations established by the benefit plans." *Davila*, 542 U.S. at 213. "In other words, 'state law legal duties are not independent of ERISA where interpretation of the terms of the benefit plan forms an essential part of the claim, and legal liability can exist only because of the defendant's administration of ERISA-regulated benefit plans.'" *Ford v. Freemen*, 388 F. Supp. 3d 692, 700 (N.D. Tex. 2019) (quoting *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 929 (C.D. Cal. 2012)). Putting aside whether the assets in dispute are governed by ERISA and whether Peter's Estate has named the correct defendant in this suit, Peter's Estate has not demonstrated the absence of other legal duties independent from ERISA. Peter's Estate is effectively asking the Court to find the independent legal duties pertaining to community property under Texas law to be in conflict with ERISA. *See* TEX. FAM. CODE ANN. §§ 3.002, .102, .402. But Peter's Estate does not show how Texas's community-property regime imposes legal liability

here that is dependent upon the administration of an ERISA plan.[4] Had the complaint alleged improper distribution of ERISA benefits by a plan administrator, the claim Peter's Estate advances might have satisfied the second *Davila* prong. But no such allegation has been presented. Furthermore, Peter's Estate takes no steps to demonstrate that Congress's goals for ERISA are harmed by a claim like the one Linda's Estate advances before the Probate Court. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 301 (2009) (emphasizing ERISA's three primary objectives: (1) "simple administration," (2) "avoid[ing] double liability [for plan administrators]," and (3) "ensur[ing] that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules").

In support of its position, Peter's Estate cites two cases: *Boggs v. Boggs*, 520 U.S. 833 (1997); and *Barnett v. Barnett*, 67 S.W.3d 107 (Tex. 2001). Both are inapposite. In *Boggs*, unlike here, the proceeds at issue concerned ERISA's qualified joint and survivor annuity provisions and other aspects of 29 U.S.C. § 1055. 520 U.S. at 843. The situation in *Boggs* is materially different and involves congressional considerations woven into ERISA law that are not present in the immediate case. *See id.* (discussing § 1055's overriding concern to "ensure a stream of income to surviving spouses"). As well, according to Peter's Estate, *Barnett* stands for the proposition "that ERISA preempt[s] state community property laws and claims based upon [Texas]'s community property regime" (Dkt. #4 at p. 10). But this reading of *Barnett* conflates complete and conflict preemption. The motion immediately before the Court tests whether the Court has subject matter jurisdiction over the instant action. For *Barnett* to support the position Peter's Estate takes, the

---

[4] Further, this lawsuit concerns post-distribution matters, which courts have generally held to signify that "although [a] plan administrator is obligated to distribute proceeds according to the plan document, post-distribution suits to enforce state-law claims do not interfere with any of the objectives of the plan-document rule." *Standard Ins. Co. v. Corgill*, No. 3:13-CV-00997, 2013 WL 12101080, at *5 (N.D. Tex. July 23, 2013); *see Hennig v. Didyk*, 438 S.W.3d 177, 184 (Tex. App.—Dallas 2014, pet. denied) (collecting cases).

*Barnett* court would have needed to resolve the case by dismissing it for lack of jurisdiction. Even though the Texas Supreme Court is the highest civil court in Texas, it remains a state court—and, as detailed above, if the claim brought by Peter's Estate were completely preempted by ERISA, the only way the Texas Supreme Court could provide any support for Peter's Estate would have been for the ERISA claims in *Barnett* to be dismissed. Such was not the case. Therefore, neither *Boggs* nor *Barnett* help Peter's Estate establish the Court's subject matter jurisdiction.

Because the claim advanced by Peter's Estate does not satisfy the *Davila* test, the claim is not completely preempted by ERISA. As such, there is no federal question before the Court, which means the Court does not have subject matter jurisdiction over this claim, and the Court must dismiss this case.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #3) is **GRANTED**.

It is **FURTHER ORDERED** Plaintiff's claim against Defendant is hereby **DISMISSED WITHOUT PREJUDICE**. All relief not previously granted is **DENIED**. The Clerk is directed to **CLOSE** this action.

**IT IS SO ORDERED.**
**SIGNED this 16th day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE